**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DEBRA L. CHIDESTER,

      Plaintiff-Appellee,

v.

WAL-MART STORES, INC.,
a foreign corporation,

      Defendant-Appellant.

No.  99-6123
(D.C. No. 98-CIV-425-A)
(W.D. Okla.)

**ORDER AND JUDGMENT**  *

Before  **BRORBY** , **PORFILIO** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

This appeal is taken from the district court's denial of defendant's motion

for judgment as a matter of law pursuant to Fed. R. Civ. P. 50, which we review

---

*	This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

de novo. See Kinser v. Gehl Co. , 184 F.3d 1259, 1267 (10th Cir. 1999), petition for cert. filed , 68 U.S.L.W. 3401 (U.S. Dec. 8, 1999) (No. 99-10). "We will reverse such a ruling only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." Id. (further quotation omitted). We do not weigh the evidence, pass on witness credibility, or substitute our judgment for that of the jury. In addition, we construe all the evidence and inferences therefrom in the light most favorable to plaintiff. See id.

Plaintiff brought suit against defendant for injuries suffered as the result of her slipping in a puddle of water in front of an ice machine at defendant's store. She reported the incident to a store manager, who noted in his report that plaintiff had reported her foot slipped, but she caught herself, and, twisting her back to keep from falling, pulled a muscle in her lower back. See Appellant's App. at 442. She was unable to see her primary physician until the following Monday, when she reported that although she caught herself before falling, "her back began to hurt around the scapulas and lower back and [she was] having some numbness and tingling into her hands." See id. at 398.

Conservative treatment, including an epidermal steroid injection and physical therapy, see id. at 408-17, failed to provide relief, as plaintiff "continued to have neck, left-sided shoulder and medial scapular pain, as well as pain into

the left arm . . . [with] numbness and tingling into her left arm, aggravated by use of the arm." Id. at 418. Ultimately, she underwent a single level disk resection and fusion about ten months after the incident. See id. at 421-24. Follow-up reports reflected nearly complete relief of headache and arm pain, with some residual stiffness and tightness in her upper back muscles. See id. at 425-31.

Defendant contended that plaintiff had given inconsistent descriptions of the incident to the store manager and various doctors, that plaintiff had told one of defendant's store employees [1] after the slip that she was fine, and that in any event, the surgery was necessitated by plaintiff's degenerative bone disease and would have been required irrespective of the incident at Wal-Mart.

Here, the jury found plaintiff's evidence more credible than defendant's. We have reviewed the evidence under the same standard as the district court, i.e., in the light most favorable to the nonmoving party, and determined that there is "evidence upon which the jury could have properly relied in returning a verdict for the nonmoving party." Klein v. Grynberg, 44 F.3d 1497, 1503 (10th Cir. 1995). The jury has the exclusive function of appraising credibility, drawing inferences from established facts, resolving evidence conflicts and reaching ultimate factual conclusions, and our standard of review is quite deferential to the

---

[1] This same employee admitted at her deposition, taken two and one-half years after the incident, that she was unable to describe plaintiff and did not know if plaintiff was black or white, heavy set or thin. See id. at 45.

-3-

jury's verdict.   See Knowlton v. Teltrust Phones, Inc.   , 189 F.3d 1177, 1183-84 (10th Cir. 1999).

Our review of the record persuades us that the district court correctly denied defendant's Rule 50 motion.  Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Senior Circuit Judge